IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONEEKA SNEED,<br>    Plaintiff,<br><br>  v.<br><br>PATENAUDE & FELIX APC,<br>    Defendant. | :<br>:<br>:<br>: Civil No. 5:21-cv-04722-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                               **January 27, 2022**

*Pro se* Plaintiff Moneeka Sneed claims that Defendant Patenaude & Felix, A.P.C. ("P&F") violated several provisions of the Fair Debt Collection Practices Act ("FDCPA"). P&F now moves to dismiss Sneed's claims. For the reasons that follow, the Court grants the motion.

**I.  BACKGROUND**

On April 14, 2021, P&F sent an initial communication to Sneed to collect a debt. Compl. ¶ 15, ECF No. 1. Through that communication, Sneed learned that P&F, as part of its debt collection efforts, had sued her in Lancaster County Magisterial Court. *Id.* ¶ 16.[1] Sneed alleges that she was never served with the complaint. *Id.* ¶ 17.

Once she learned of the lawsuit, Sneed sent a letter to P&F to both dispute the debt and request that P&F verify it. *Id.* ¶¶ 22–23. Sneed alleges that P&F never validated the debt. *Id.* ¶ 24.

Nevertheless, Sneed appeared and ultimately prevailed in the state debt collection suit. *Id.*

---

[1]   According to Sneed, P&F had acquired a default judgment against her. Compl. ¶¶ 16, 18. The Lancaster County Magisterial Court docket sheet, however, does not show as much. *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("[D]ocket sheets are public records[] of which this court may take judicial notice in deciding a motion to dismiss." (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993)).

¶¶ 25–27. She now asserts that P&F "knew or should have known that [it] had no right to sue" her, and that P&F's communications were "false and misleading." *Id.* ¶¶ 28–29.

Sneed commenced this action with the filing of her Complaint on October 25, 2021. P&F now moves to dismiss the Complaint. *See* Def.'s Mot., ECF No. 7; Def.'s Br., ECF No. 8. Sneed filed a response and P&F submitted supplemental briefing thereafter. *See* Pl.'s Opp'n, ECF No. 9; Def.'s Reply, ECF No. 10.

## II.   STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive the motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

Third Circuit courts use a three-step framework to evaluate the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we note "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). We then "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity

---

[2]   The Court is mindful that "[c]omplaints and submissions filed by *pro se* litigants are subject to liberal interpretation and are held to less stringent standards than formal pleadings drafted by lawyers." *Riffin v. Consol. Rail Corp.*, 363 F. Supp. 3d 569, 574 (E.D. Pa. 2019) (internal quotation marks and citations omitted).

of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In performing this analysis, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The scope of review, moreover, is limited to "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

**III.   DISCUSSION**

"To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the debt arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a debt collector, and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Pressley v. Cap. One*, 415 F. Supp. 3d 509, 512–13 (E.D. Pa. 2019) (internal quotation marks and citations omitted). At issue here is the fourth element. Sneed alleges that P&F violated the following provisions of the FDCPA: (1) 15 U.S.C. § 1692e(2)(A), *see* Compl. ¶ 29; (2) 15 U.S.C. § 1692e(10), *see id.* ¶ 31; (3) 15 U.S.C. § 1692e(5), *see id.* ¶ 30; and (4) 15 U.S.C. § 1692g, *see id.* ¶ 66. These claims will be examined in turn.

**A.   False Representations or Deceptive Means (15 U.S.C. §§ 1692e(2)(A), 1692e(10))**

The FDCPA forbids debt collectors from making false representations of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). It similarly forbids debt collectors

from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10).

Sneed alleges that P&F's initial communication contained "false and misleading representations thru [*sic*] deceptive means" because it falsely stated that she owed a $1,810.59 debt. *See* Compl. ¶¶ 29, 72–73. These conclusory allegations do not state a violation of either § 1692e(2)(A) or § 1692e(10). Indeed, Sneed "has not clearly articulated the factual underpinnings for her claims *including why she does not owe a debt* to [Defendant] and the reasons why she believes the communications in her exhibits violate the law." *Grooms v. Discover Fin. Serv.*, No. 21-cv-4265, 2021 WL 4893370, at *4 (E.D. Pa. Oct. 20, 2021) (emphasis added). Absent from the Complaint are any factual allegations explaining *why* the statements in P&F's initial communication are false or deceptive. And without such factual allegations, Sneed's claims that the P&F made false and misleading representations amount to nothing more than "labels and conclusions," which are insufficient at the pleading stage. *Twombly*, 550 U.S. at 555; *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) ("[T]he allegations of falsity in the complaint set out the kind of conclusory and speculative statements that cannot survive a motion to dismiss." (citing *Iqbal*, 556 U.S. at 678)).[3] The Court therefore dismisses Sneed's § 1692e(2)(A) and § 1692e(10) claims.[4]

---

[3] Perhaps Sneed is instead arguing that her success in the underlying state debt collection suit necessarily shows that P&F's initial communication was false or deceptive. Even so, such a theory would fare no better. *Cf. Ramos v. LVNV Funding, LLC*, 379 F. Supp. 3d 437, 445 (E.D. Pa. 2019) ("[F]avorable verdicts do not, standing alone, support the conclusion that pursuit of the debts violated the FDCPA.").

[4] *See, e.g.*, *Paracha v. MRS BPO, L.L.C.*, No. 18-cv-3892, 2019 WL 4736939, at *6 (E.D.N.Y. Sept. 27, 2019) (dismissing FDCPA claims where "the complaint makes no mention of any facts explaining why [plaintiff] does not owe the debt"); *Bank of N.Y. Mellon v. Stabenow*, No. 3:16-cv-01590-MO, 2017 WL 1538156, at *4 (D. Or. Apr. 25, 2017) (dismissing FDCPA claims where plaintiffs "fail to allege what statements . . . were false or misleading and why they were false or misleading"); *Bourgeois v. Ocwen Loan Servicing, LLC*, No. 15-cv-1655-GPC, 2016 U.S. Dist. LEXIS 7724, at *34 (S.D. Cal. Jan. 21, 2016) (dismissing FDCPA claims where plaintiff did not allege "that the amounts [of debt] listed are false or why they are false").

### B.     Threat of Illegal Action (15 U.S.C. § 1692e(5))

The FDCPA forbids debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).  The only legal action identified here is the state debt collection suit in which Sneed ultimately prevailed.[5]  "Said legal action was neither unlawful nor threatened, and as such, [Sneed's] claim necessarily fails." *Caddle v. Manley Deas Klochalski, LLC*, No. 17-3687, 2018 WL 3752877, at *3 (E.D. Pa. Aug. 8, 2018); *see also Dicesari v. Asset Acceptance LLC*, No. 11-cv-6815, 2012 WL 4108944, at *3 (E.D. Pa. Sept. 18, 2012) ("Because the Plaintiff only alleged an actual action taken—namely, the filing of the state court complaint—and points to no other threats of action, the Court dismisses Plaintiff's claim under § 1692e(5).").  The Court therefore dismisses Sneed's § 1692e(5) claim.

### C.     Failure to Verify (15 U.S.C. § 1692g)

The FDCPA also "requires a debt collector, when the consumer disputes the debt, to provide the consumer with notice of how and when the debt was originally incurred." *Collins v. Phelan Hallinan Diamond & Jones, LLP*, No. 17-3727, 2018 U.S. Dist. LEXIS 33837, at *7 (E.D. Pa. Mar. 1, 2018); *see* 15 U.S.C. § 1692g.

Sneed alleges that she disputed the debt and that P&F "to date has failed to validate the alleged debt." Compl. ¶¶ 22, 24.  P&F counters that it validated the debt; attached to its motion is the verification letter it mailed to Sneed.[6]  *See* Def.'s Mot. Ex. 2, ECF No. 7-3.  "Accordingly,

---

[5]     Sneed's allegation that she was not served with process in the state debt collection suit also does not give rise to a claim under the FDCPA.  *See* Compl. ¶ 36; *see also Shaw v. Hayt, Hayt & Landau, LLC*, No. 2:20-cv-00115, 2021 WL 531961, at *14 (W.D. Pa. Feb. 12, 2021) ("Failure to comply with service of process . . . does not provide[] a legal basis to sustain a claim that the FDCPA has been violated." (internal quotation marks and citation omitted)).

[6]     "Because [P&F's] response to [Sneed's] debt validation request is central to her FDCPA Section 1692g(b) claim, and because [Sneed] does not dispute its authenticity (only disputing whether she received it), the Court may consider it in relation to [P&F's] Motion to Dismiss." *Ingram-Singletary v. Citimortgage, Inc.*, No. 1:14-cv-1680-ELR-LTW, 2016 WL 4253511, at *3 n.5 (N.D. Ga. Feb. 4, 2016).

5

[Sneed's] contention that she did not receive the requested debt validation is unavailing," and her § 1692g claim is dismissed. *Ingram-Singletary v. Citimortgage, Inc.*, No. 1:14-cv-1680-ELR-LTW, 2016 WL 4253511, at *3 (N.D. Ga. Feb. 4, 2016).[7]

## IV.   CONCLUSION

For the foregoing reasons, P&F's motion to dismiss is granted. That said, "[b]efore dismissing a *pro se* complaint, district courts should expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time." *Francis v. State of N.J. Off. of Law Guardian*, 289 F. App'x 472, 473 (3d Cir. 2008) (internal quotation marks and citation omitted). Here, the Court cannot conclude that amendment—particularly with respect to Sneed's § 1692e(2)(A) claim—would be futile.[8] As such, Sneed will be granted leave to amend to cure the defects identified herein. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[7] To the extent Sneed is instead arguing that P&F should not have brought the state debt collection suit until it validated her debt, that argument is also unavailing. Sneed disputed the debt *after* the state suit was filed, and the FDCPA "does not require an action to be undone." *Maynard v. Cannon*, 650 F. Supp. 2d 1138, 1144 (D. Utah 2008); *cf. Humphrey v. Brown*, No. 09-cv-3249, 2011 WL 53081, at *3 (D. Md. Jan. 7, 2011) (recognizing that the FDCPA "does not require the debt collector to take any affirmative action to cancel debt collection activity previously initiated").

[8] Indeed, the Court cannot rule out the possibility that Sneed might bolster her pleading with the "factual underpinnings for her claims including why she does not owe a debt." *Grooms*, 2021 WL 4893370, at *4. So Sneed will have the chance to "flesh out [her] allegations by . . . explaining in [the] amended complaint the who, what, where, when and why of [her] claim." *Cartwright v. Nationwide Recovery Sys.*, No. 21-cv-5530, 2022 WL 160263, at *5 (E.D. Pa. Jan. 18, 2022) (internal quotation marks and citation omitted).

6