**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

MONEEKA SNEED,                                :
                    Plaintiff,                :
                                              :
          v.                                  :          Civil No. 5:21-cv-04722-JMG
                                              :
PATENAUDE & FELIX APC,                        :
                    Defendant.                :

---

## MEMORANDUM OPINION

**GALLAGHER, J.**                                                    **July 19, 2022**

*Pro se* Plaintiff Moneeka Sneed alleges that Defendant TD Bank USA NA c/o Patenaude

& Felix, A.P.C. ("P&F") violated the Fair Debt Collection Practices Act ("FDCPA").  P&F now

moves to dismiss Sneed's amended claims.  For the reasons that follow, the Court grants the motion

and dismisses this action with prejudice.

## I.      BACKGROUND

### A.      Factual Allegations

TD Bank allegedly retained P&F to collect a debt from Sneed.  Am. Compl. ¶ 9, ECF No.

13.  As part of its debt collection efforts, P&F sued Sneed in Lancaster County Magisterial Court.

*Id.* ¶ 10.

After learning of the suit, Sneed sent a letter to TD Bank to dispute the debt and request

that TD Bank verify it.  *Id.* ¶¶ 13–14.  TD Bank allegedly failed to validate the debt.  *Id.* ¶¶ 15–16.

Nevertheless, TD Bank and P&F continued to litigate the Lancaster County debt collection action.

*Id.* ¶¶ 17–18.

Sneed ultimately prevailed in the state debt collection suit.  *Id.* ¶¶ 21–23.  She now asserts

that TD Bank "knew prior to commencing the [state suit] that [it] did not have the original contract

for the alleged debt it was attempting to collect." *Id.* ¶ 39.  This conduct, Sneed alleges, was "unconscionable." *Id.* ¶ 38.

### B.     Procedural History

Sneed commenced this action by filing a complaint on October 25, 2021.  P&F moved to dismiss that complaint.  *See* Def.'s Mot., ECF No. 7; Def.'s Br., ECF No. 8.  Sneed filed a response and P&F submitted supplemental briefing thereafter.  *See* Pl.'s Opp'n, ECF No. 9; Def.'s Reply, ECF No. 10.  The Court granted the motion and dismissed Sneed's claims without prejudice on January 28, 2022.  *See* ECF Nos. 11–12.

Sneed filed an amended complaint on February 28, 2022.[1]  P&F again filed a motion to dismiss.  *See* Def.'s Mot., ECF No. 14.  Sneed did not file a response.  The Local Rules of Civil Procedure allow for an uncontested dismissal in this situation.  *See* E.D. PA. LOCAL CIV. R. 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested . . . .").  That said, the Third Circuit has cautioned against this practice in cases filed by *pro se* plaintiffs.  *See generally Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991).  This Court therefore proceeds to the merits of P&F's motion.

## II.     STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive the motion, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1]     While Sneed's original complaint listed P&F as the sole defendant, Sneed now sues "TD Bank USA NA c/o Patenaude & Felix, A.P.C."  *See* Am. Compl. ¶ 59 ("TD retained Patenaude & Felix . . . to attempt to collect an alleged debt . . . .").  Though somewhat unclear, the Court construes Sneed as proceeding under a theory of vicarious liability. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000) ("[T]here are cases supporting the notion that an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf.").

"Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff cannot rely on mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

Third Circuit courts use a three-step framework to evaluate the sufficiency of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we note "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). We then "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In performing this analysis, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). The scope of review, moreover, is limited to "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

---

[2]     The Court is cognizant that "[c]omplaints and submissions filed by *pro se* litigants are subject to liberal interpretation and are held to less stringent standards than formal pleadings drafted by lawyers." *Riffin v. Consol. Rail Corp.*, 363 F. Supp. 3d 569, 574 (E.D. Pa. 2019) (internal quotation marks and citations omitted).

## III.     DISCUSSION

"To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the debt arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a debt collector, and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Pressley v. Cap. One*, 415 F. Supp. 3d 509, 512–13 (E.D. Pa. 2019) (internal quotation marks and citations omitted). At issue here is the fourth element. Sneed alleges that TD Bank, through P&F, violated § 1692f(1) of the FDCPA. *See* Am. Compl. ¶¶ 56–71; *see also* 15 U.S.C. § 1692f(1).

### A.     15 U.S.C. § 1692f(1)

The FDCPA forbids debt collectors from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). "The only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law." *Allen ex rel. Martin v. LaSalle Bank*, 629 F.3d 364, 368 (3d Cir. 2011). "'[C]ollection' in § 1692f(1) includes attempted collection as well as actual collection." *Id.* at 367 n.4.

*Gordon v. Cavalry SPV I, LLC*, in particular, is instructive. No. 18-10148, 2018 WL 3545119 (E.D. Mich. July 24, 2018). There, defendants purportedly filed "false collection lawsuits for false amounts against . . . debtors." *Id.* at *1. Plaintiffs then sued defendants under, *inter alia*, § 1692f(1), alleging "*both* that Defendants failed to accompany their lawsuits with sufficient proof and that they lacked it altogether." *Id.* at *3.

The former allegations failed to state an FDCPA claim because they were "nothing more than a challenge to the sufficiency of the proof accompanying [the] suits against Plaintiffs." *Id.* at *4 (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) ("[A] debt may be properly pursued in court, even if the debt collector does not yet possess adequate proof of its claim.")); *see also, e.g.*, *Popson v. Galloway*, No. 10-cv-77E, 2010 WL 2985945, at *7 (W.D. Pa. July 27, 2010) ("[A]llegations that Defendant . . . continued the state court action against Plaintiff without providing detailed documentation substantiating the debt does not constitute the use of unfair or unconscionable means to collect or attempt to collect any debt."). As to the latter, the *Gordon* court recognized that those allegations could, theoretically, give rise to FDCPA liability. *See Gordon*, 2018 WL 3545119, at *4. The problem for the *Gordon* plaintiffs, however, was their failure to plead "any factual content that would allow the Court to reasonably infer liability." *Id.*

Like the plaintiffs in *Gordon*, Sneed alleges both that insufficient proof accompanied the underlying state debt collection suit, *see, e.g.*, Am. Compl. ¶ 21 ("TD did not provide proof of the alleged contract in dispute and the court ruled . . . in favor of Plaintiff."), and that no such proof exists altogether, *see, e.g.*, *id.* ¶ 22 ("TD never had evidence of the alleged contract in dispute . . . ."). The former allegations are, for the reasons explained in *Gordon*, not actionable under the FDCPA. *See, e.g.*, *Glick v. Cavalry SPV I, LLC*, No. 4:15-cv-00143, 2015 WL 4393911, at *8 (E.D. Mo. July 16, 2015) (finding that "'lack of proof' allegations fail to state a claim under the FDCPA"); *Hill v. Javitch, Block & Rathbone, LLP*, 574 F. Supp. 2d 819, 824 (S.D. Ohio 2008); *Chenault v. Credit Corp Sols., Inc.*, No. 16-5864, 2017 WL 5971727, at *3 (E.D. Pa. Dec. 1, 2017) ("[T]he FDCPA does not impose an obligation that more of a paper trail should [be] in the lawyers' hands or attached to the complaint prior to filing a collection suit." (internal quotation marks and citation omitted)).

The latter allegations are conclusory and, in any event, belie the record.  Sneed apparently alleges that TD Bank's "failure to validate the debt" rendered it "invalid," such that she did "not owe the debt" to TD Bank or P&F.  Am. Compl. ¶ 17.  But TD Bank, through P&F, in fact validated the debt; attached to its first motion to dismiss is the verification that was mailed to Sneed.  *See Ingram-Singletary v. Citimortgage, Inc.*, No. 1:14-cv-1680-ELR-LTW, 2016 WL 4253511, at *3 n.5 (N.D. Ga. Feb. 4, 2016) (considering debt validation attached to defendant's motion to dismiss FDCPA claim).  In any event, Sneed does not allege, for example, that she never had an account with TD Bank; she simply alleges, in conclusory fashion, that "TD knew or should have known that [she] did not owe the alleged debt."  Am. Compl. ¶ 23.  This lone allegation—even when construed in light of Sneed's victory in the state debt collection suit—is insufficient to state a claim for relief.  *See Ramos v. LVNV Funding, LLC*, 379 F. Supp. 3d 437, 445 (E.D. Pa. 2019) ("[F]avorable verdicts do not, standing alone, support the conclusion that pursuit of the debts violated the FDCPA.").  Accordingly, the Court concludes that Sneed has not alleged plausible claims under the FDCPA.

## IV.   CONCLUSION

Sneed's failure to oppose the instant motion, "coupled with the fact that [s]he already once has amended [her] pleadings in response to these same . . . arguments for dismissal," warrant dismissal of this action with prejudice.  *Bobbert v. Mckay*, No. 15-105E, 2016 WL 1086346, at *1 n.1 (W.D. Pa. Mar. 21, 2016).  An appropriate order follows.

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge